Perry J. Narancic, SBN 206820
LEXANALYTICA, PC
2225 E. Bayshore Road, Suite 200
Palo Alto, CA  94303
www.lexanalytica.com
pjn@lexanalytica.com
Tel: 650-655-2800

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SPROUT THERAPY,<br><br>             Plaintiff,<br><br>   v.<br><br>KIN HEALTH, INC.d/b/a SONGBIRD THERAPHY a/k/a SONGBIRD CARE, and BENJAMIN HSU,<br><br>             Defendants. | CASE NO. 3:20-cv-08811<br><br>DEFENDANT KIN HEALTH, INC. AND BENJAMIN HSU'S ANSWER TO COMPLAINT |

1

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Kin Health, Inc. d/b/a Songbird Therapy a/k/a Songbird Care, and Benjamin Hsu, ("Defendants"), hereby answer the Complaint of Sprout Therapy ("Sprout"), filed in the above-captioned matter on December 11, 2020, and assert affirmative defenses as follows:

## ANSWER TO SPROUT'S FIRST AMENDED COMPLAINT

## GENERAL DENIAL

Unless expressly admitted below, Defendants deny each and every allegation Sprout has set forth in its Complaint.

## RESPONSE TO SPROUT'S SPECIFIC ALLEGATIONS

## NATURE OF ACTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and can therefore neither admit nor deny such allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and can therefore neither admit nor deny such allegations.

3. Defendants lack knowledge or information sufficient to form a belief as to the as to the truth of the allegations in Paragraph 3 and can therefore neither admit nor deny such allegations.

4. Defendants admit that Songbird copied several words and phrases on Sprout Therapy's website. The remaining allegations are denied.

5. Denied.

6. Admitted that Songbird launched a Facebook advertisement with the same image, layout, background and color scheme as a pre-existing Sprout Therapy Facebook advertisement. The remaining allegations are denied.

7. Admitted that Songbird does business as "Songbird Therapy". The remaining allegations are denied.

8. Denied

9. Admitted that the Complaint seeks the relief set forth in paragraph 9, but denied that Defendants are liable in any way as alleged.

### THE PARTIES

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 and can therefore neither admit nor deny such allegations.

11. Denied that Kin Health, Inc. does business as "Songbird Care". The remaining allegations are admitted.

12. Admitted.

### JURISDICTION

13. Admitted that the Court has personal jurisdiction. The remained is denied.

14. Admitted.

15. Admitted.

### VENUE

16. Admitted.

### INTRADISTRICT ASSIGNMENT

17. Defendants deny that this is a proper statement under Civil Local Rule 3-2, as this matter deals with Intellectual Property and thus, should have been randomly assigned.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Defendants lack knowledge or information sufficient to form a belief as to the as to the truth of the allegations in Paragraph 23 and can therefore neither admit nor deny such allegations.

24. Defendants lack knowledge or information sufficient to form a belief as to as to the truth of the allegations in Paragraph 24 and can therefore neither admit nor deny such allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and can therefore neither admit nor deny such allegations.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and can therefore neither admit nor deny such allegations

27. Denied.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and can therefore neither admit nor deny such allegations.

29. Denied.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and can therefore neither admit nor deny such allegations

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and can therefore neither admit nor deny such allegations

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph, and can therefore neither admit nor deny such allegations.

41. Denied.

42. The allegation in the first sentence is denied. The reminder is admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and can therefore neither admit nor deny such allegations.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and can therefore neither admit nor deny such allegations.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and can therefore neither admit nor deny such allegations.

51. Admitted.

52. Denied.

53. Admitted that Defendants' response to the letter states what is alleged, but all other allegations are denied.

54. Admitted that Defendants agreed not to make further use of the Facebook advertisement, but the remaining allegations are denied.

55. Defendants incorporate their responses to the allegations in paragraphs 33-39 of the Complaint. All remaining allegations are denied.

56. Denied.

57. Admitted, except it is denied that the referenced text was "moved".

58. Admitted that Defendants changed the referenced statement, but the remaining allegations are denied.

59. Denied.

60. Denied.

## **COUNT I – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

61. Defendants repeat and reallege their responses to Paragraphs 1 through 60 above as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT II – FALSE ADVERTISING

66. Defendants repeat and reallege their responses to Paragraphs 1 through 60 above as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## COUNT III – INFRINGEMENT OF TRADE DRESS

71. Defendants repeat and reallege their responses to Paragraphs 1 through 60 above as if fully set forth herein.

72. Denied.

73. Denied.

74. Denied

75. Denied.

## COUNT IV – UNFAIR COMPETITION

76. Defendants repeat and reallege their responses to Paragraphs 1 through 60 above as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied

## COUNT V – FALSE ADVERTISING

80. Defendants repeat and reallege their responses to Paragraphs 1 through 60 above as if fully set forth herein.

81. Denied.

82. Denied.

## PRAYER FOR RELIEF

Defendants deny each and every allegation contained in the Prayer for Relief, including the relief Sprout seeks in subparts a through i.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Fair Use)

The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### Third Affirmative Defense
### (Functionality)

The claims made in the Complaint are barred, in whole in part, on the basis any marks or trade dress are functional.

### Fourth Affirmative Defense
### (Innocent Infringement)

The claims made in the Complaint are barred, in whole in part, because any infringement, if any, was innocent.

### Fifth Affirmative Defense
### (Generic Terms)

The claims made in the Complaint are barred, in whole or in part, on the basis that some or all of the marks or trade dress at issue are generic.

**Sixth Affirmative Defense**
**(Lack of Secondary Meaning)**

The claims made in the Complaint are barred, in whole in part, on the basis that some or all marks or trade dress at issue lack secondary meaning.

**Seventh Affirmative Defense**
**(Non-Infringement)**

Defendants have not infringed any trade dress or marks for false designation of origin under federal or state law.

**Eighth Affirmative Defense**
**(No Causation)**

Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not caused by Defendants.

**Ninth Affirmative Defense**
**(No Damage)**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint and the relief prayed for in the Complaint therefore cannot be granted.

**Tenth Affirmative Defense**
**(Lack of Irreparable Harm)**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

**Eleventh Affirmative Defense**
**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Twelfth Affirmative Defense**
**(First Amendment)**

The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

**Thirteenth Affirmative Defense**
**(Duplicative Claims)**

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

DATED:  March 5, 2021

Respectfully Submitted,

LEXANALYTICA, PC

By: _____

Attorney for Defendants